Argued September 22, affirmed November 1, reconsideration denied December 8, 1976, petition for review denied January 11, 1977

In the Matter of Richard W., Jodi W., and James W., Children,

STATE ex rel JUVENILE DEPARTMENT OF POLK COUNTY, *Respondents,*

*v.*

LARRY W., *Appellant.*

(No. J-1713, CA 6189)

555 P2d 795

*Douglas B. Dawson,* Dallas, argued the cause and filed the brief for appellant.

*David L. Slader,* Metropolitan Public Denfender Child Advocacy Project, Portland, argued the cause and filed the brief for respondent children.

*John L. Snyder,* District Attorney, Dallas, attorney for respondent State of Oregon, joined in the brief of respondent children.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

The father appeals from an order terminating his parental rights relating to his three children, now aged five, seven and eight. The mother's rights have hitherto been terminated.

The children were taken into the custody of the Children's Services Division (CSD) in 1971, three months after the parents separated. The youngest child is now healthy, but the older children still suffer the physical and mental effects of their early deprivation. The father visited the children a few times in 1972, but has not seen them since despite repeated attempts by CSD to reestablish the father-children relationship. He offers excuses and reasons for his failure which the trial court found and we find to be unpersuasive. This proceeding is brought to free the children for adoption by their present foster parents. No purpose would be served in setting out the facts in greater detail.

The father asserts on appeal as below that the evidence does not support the allegations of the petition. To the contrary, we concur with the trial court that they do. It is appropriate, however, to respond to the father's reliance upon our earlier decision in *State ex rel Juv. Dept. v. Crabtree,* 23 Or App 183, 541 P2d 1311 (1975), *rev den* (1976), for the proposition that termination should be denied where the parent knows that the child is receiving good care from the custodian such as, in this case, CSD. We did not intend in *Crabtree* to state an absolute rule barring the termination of the rights of a parent whose only performance of his or her parental responsibility is to have faith that the public welfare agency which cares for the children will perform its legal obligation. Rather, we intend to allow the courts to consider the parent's reasonable confidence in the adequacy of care received by the children, particularly in an alternate home situation arranged by the parent, as one circumstance in mitigation to be considered in the context of all

other circumstances. In this case, that fact is more than overcome by the father's general pattern of neglect.

The issues raised by the father's other assignments of error have either since been decided adversely to him, *State ex rel Juv. Dept. v. F.S.,* 26 Or App 209, 552 P2d 586, *rev den* (1976), *State ex rel Juv. Dept. v. K.M.S.,* 26 Or App 219, 552 P2d 578, *rev den* (1976), or were not raised in the trial court.

Affirmed.